UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM JAY SHARP,

Plaintiff,

v.

Civil Action No. _____

ALLY FINANCIAL INC.,

Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA"), and for compensatory damages and punitive damages for the tort of intentional infliction of emotional distress under the common law of the State of New York.

### II. JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 47 U.S.C. §227(b)(3), and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff William Jay Sharp is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Ally Financial Inc. (hereinafter referred to as "Ally") is a foreign business corporation organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. That at all times relevant herein, Defendant owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

7. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C.§153(32).

8. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

9. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C.§153(22).

10. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C.§153(43).

11. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

12. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

13. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

14. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

15. That Plaintiff incurred a automobile loan with Ally in January of 2013.  This debt will be referred to as "the subject debt."

16. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

17. That Plaintiff thereafter defaulted on the subject debt.

18. That Plaintiff was either current on his loan, or one month behind through December of 2014.

19. In October of 2014, Plaintiff was diagnosed with stage 4 esophageal cancer, which had metastasized to multiple other areas of his body.

20. Plaintiff began chemotherapy as well as radiation treatment on November 1, 2014.

21. In or about December of 2014, Plaintiff applied for Social Security Disability benefits.

22. In January of 2015, Plaintiff was found to have brain tumors, in addition to the previously diagnosed cancer.

23. In January of 2015, Plaintiff was told that he was tentatively approved for disability, but that he would only receive half payments until they could make a final determination.

24. In January 2015, shortly after receiving word of his worsening diagnosis, Plaintiff called Defendant. During said telephone call, Plaintiff informed a representative of Ally of his cancer diagnoses, and that he had been informed that he had two to four years to live. Plaintiff also stated to Ally that:

   A. He would be falling further behind in his payments because he had only been approved partial disability;

   B. He intended to bring the loan current, if possible, when he received full disability;

   C. He would be willing to make partial payments on his loan;

   D. His ability to function on a daily basis was deteriorating;

   E. He requested that that they stop calling him on his cellular telephone because he was receiving chemotherapy, was severely ill; and further that after his chemotherapy he was extremely exhausted and in need of sleep, but their calls were waking him up and were upsetting to him.

25. That after the telephone call described in paragraph 24 herein, Plaintiff had multiple telephone conservations with Defendant in which Plaintiff repeated the information described in paragraphs 24A through 24E, and repeated his request that they stop calling him.

26. That during each of the telephone calls described in paragraphs 24 and 25 herein, a representative of Ally stated that notwithstanding the fact that he had cancer, that the telephone calls would continue.

27. That after the telephone call described in paragraphs 24 and 25 herein in Ally continued to make telephone calls to Plaintiff's cellular telephone using and automated telephone dialing system, and often left a voice recorded message. These calls occurred multiple times per week, and often multiple times per day.

28. On every occasion that Plaintiff answered a call from Ally, there would be a delay, which clearly indicated that the call had been placed by an automated telephone dialing system.

29. In most instances, when Ally would initiate a telephone call to Plaintiff's cellular telephone, the calls would continue repeatedly during that day until he would answer one of the calls.

30. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

### COUNT I
### (TCPA Claim)

31. Plaintiffs repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

32. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or used an artificial and/or prerecorded voice to deliver messages without having consent of Plaintiffs to make such calls and leave such messages.

33. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively and fraudulently coercing Plaintiffs to pay the alleged debt and to harass him.

34. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

36. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiffs to sustain damages as a result of their innumerable telephone calls that

harassed, annoyed and abused Plaintiffs, and disturbed his peace and tranquility at home and elsewhere.

37. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiffs to sustain damages and experience severe emotional distress.

38. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

39. Plaintiffs received multiple calls from Defendant using an automatic telephone dialing system and/or an artificial and/or precorded voice entitling Plaintiffs to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(d)(3)(B),

40. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiffs to a maximum of treble damages pursuant to the TCPA, 47 U.S.C.§227(d)(3).


## COUNT I
### (Intentional Infliction of Emotional Distress Claim)

41. Plaintiffs repeats, realleges and incorporates by reference the preceding paragraphs in this complaint as if each of them was reprinted herein below.

42. Upon information and belief, Defendant acted with malice, insult, and reckless disregard for the rights of Plaintiff.

43. Upon information and belief, Defendant's conduct as alleged in this complaint was intentionally and maliciously done with the intent of inflicting emotional distress on Plaintiff.

44. That as a result of the Defendant's conduct described in this complaint, Plaintiff suffered actual damages, including but not limited to extreme emotional distress.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k and 47 U.S.C. §227(b)(3).

(c) Treble damages pursuant to 47 U.S.C. §227(d)(3);

(d) Punitive damages;

(e) Costs and disbursements.

(f) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated:   August 24, 2015

Kenneth R. Hiller, Esq.
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
       khiller@kennethhiller.com